IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID SCURA, AND CLIFFORD DAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRAD K. HEPPNER, JON R. SABES, STEVEN F. SABES, PETER T. CANGANY, RICHARD W. FISHER, THOMAS O. HICKS, DENNIS P. LOCKHART, BRUCE W. SCHNITZER, THE BENEFICIENT COMPANY GROUP L.P., FOXO TECHNOLOGIES INC., and EMERSON EQUITY LLC.,<br><br>Defendants. | CIVIL ACTION NO. 3:23-cv-00680-D<br><br>**MEMORANDUM OF LAW IN SUPPORT OF XIAOLING XU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION**<br><br>**REQUEST FOR ORAL ARGUMENT** |

## INTRODUCTION

Movant Xiaoling Xu ("Movant"), respectfully submit this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of GWG's L Bonds or Preferred Stock of GWG ("GWG securities") of GWG Holdings, Inc. ("GWG"), between December 23, 2017, and April 20, 2022, both dates inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel and Cochran Law PLLC as Liaison Counsel for the Class.

1

## BACKGROUND

This action was commenced March 30, 2023, against Brad K. Heppner, Jon R. Sabes, Steven F. Sabes, Peter T. Cangany, Richard W. Fisher, Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, The Beneficient Company Group L.P., Foxo Technologies Inc., and Emerson Equity LLC ("Defendants") for violations under the Exchange Act. On April 3, 2023, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

GWG's business was founded in 2006 by brothers Steven F. Sabes and Jon R. Sabes. From 2006 through at least 2018, Defendants Steven and Jon Sabes were senior executive officers and controlling shareholders of GWG and its predecessor companies. From its founding through in or about 2018, GWG was primarily in the business of purchasing life insurance policies from insured individuals, with the goal of collecting policy benefits upon the death of the insureds.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) they intended to, and did, misappropriate GWG assets; (2) GWG's life insurance investment business had failed; and (3) GWG could only repay prior investors by issuing increasing amounts of securities to new investors. In essence, Defendants had turned GWG into a Ponzi scheme.

GWG temporarily ceased its sale of securities in April of 2021 because it was unable to timely filed its 2020 Form 10-K. GWG subsequently filed its 2020 Form 10-K on November 5, 2021, and resumed selling securities, however GWG did not manage to sell similar quantities of securities as it had done previously. After Grant Thornton's resignation as GWG's auditor on

December 31, 2021, GWG was once again forced to suspend its issuance of securities.

On January 18, 2022, GWG disclosed that it "did not make the January 15, 2022, interest payment of approximately $10.35 million and principal payments of approximately $3.25 million with respect to its L Bonds". On that day, GWG's common stock closed at $5.65 per share, a loss of 27.7% as compared to the prior trading day's closing price.

On January 27, 2022, the Wall Street Journal reported that GWG was "seeking rescue financing in an effort to avoid bankruptcy after accounting issues and the resignation of its auditor prevented it from selling its products." On that day, GWG's common stock closed at $2.95 per share, a loss of 20.5% as compared to the prior trading day's closing price.

On February 14, 2022 GWG announced that it was working with "financial and legal advisors hired to assist the Company's Board of Directors and management in identifying and evaluating restructuring alternatives" and that it had "paused L Bond sales and will not make monthly interest and maturity payments on its L Bonds, or dividends on the Redeemable Preferred Stock and Series 2 Redeemable Preferred Stock, while continuing to defer requests for redemptions." On that day, GWG's common stock closed at $3.22 per share, a loss of 13.8% as compared to the prior trading day's closing price.

On April 20, 2022, GWG filed for Chapter 11 bankruptcy. The bankruptcy case remains ongoing. In re: GWG Holdings, Inc., et al., Case No. 22-90032 (Bankr. S.D. Tex.).

GWG investors have not received the payments to which they are entitled since at least February 2022, and the value of their GWG securities has been substantially destroyed.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of GWG securities, Plaintiff and other Class members have suffered significant losses and damages.

# ARGUMENT

I. **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition

and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.   Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Movant lost $100,000 in connection with purchases of GWG securities. *See* App., Exhibit 3 (Movant's Loss Chart).

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant, as well as other members of the class, purchased GWG securities at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interests of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Further, Movant has been investing for 30 years and lives in California. Movant has a Masters of Science in Pathology.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Cochran Law PLLC as Liaison Counsel. The Rosen Law Firm has been actively researching Movant's and Class Plaintiff's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. *See* App., Ex. 4 and 5. Thus, the Court may be assured that

by approving Movant's selection of Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving The Rosen Law Firm P.A. as Lead Counsel and Cochran Law PLLC as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: June 2, 2023,                                   Respectfully submitted,

**COCHRAN LAW PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran, Attorney-in-charge
Texas Bar No. 24027936
S.D. Tex. Bar No. 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
Email: stuart@scochranlaw.com

[Proposed] Liaison Counsel for Plaintiff and Class

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

## CERTIFICATE OF SERVICE

  I hereby certify that on this 2nd day of June 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                */s/ Stuart L. Cochran*
                Stuart L. Cochran, Attorney-in-charge